1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

| ARISTA RECORDS LLC; ATLANTIC RECORDING CORPORATION; ARISTA MUSIC, fka BMG MUSIC; CAPITOL RECORDS, INC.; ELEKTRA ENTERTAINMENT GROUP INC.; INTERSCOPE RECORDS; LAFACE RECORDS LLC; MOTOWN RECORD COMPANY, L.P.; PRIORITY RECORDS LLC; SONY MUSIC ENTERTAINMENT, fka SONY BMG MUSIC ENTERTAINMENT; UMG RECORDINGS, INC.; VIRGIN RECORDS AMERICA, INC.; and WARNER BROS. RECORDS INC.,, <br><br> Plaintiffs, <br><br> v. <br><br> LIME GROUP LLC; LIME WIRE LLC; MARK GORTON; GREG BILDSON; and M.J.G. LIME WIRE FAMILY LIMITED PARTNERSHIP <br><br> Defendants. | No. <br><br> [Original action is pending in the U.S. District Court for the Southern District of New York, Case No. 06-cv-5936 (KMW) (SDNY)] <br><br> **DEFENDANT'S MOTION TO COMPEL NON-PARTY AMAZON.COM, INC. TO COMPLY WITH DEFENDANTS' SUBPOENA** |
|---|---|

*Defendant's Motion to Compel Non-Party Amazon.com, Inc. to Comply with Defendants' Subpoena*

**Hillis Clark Martin & Peterson P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington  98101
Telephone:        (206) 623-1745
Facsimile:        (206) 623-7789

## I.    INTRODUCTION

Defendants Lime Group LLC, Lime Wire LLC, Mark Gorton, and M.J.G. Lime Wire Family Limited Partnership (collectively, "Defendants") bring this motion pursuant to Federal Rule of Civil Procedure 45(c)(2)(B)(i) to compel Amazon.com, Inc. ("Amazon") to produce documents in response to a Western District of Washington subpoena served on Amazon by Defendants (the "Subpoena").  The Subpoena was served by Defendants in connection with litigation pending in the Southern District of New York.  Defendants are the owners and operators of Lime Wire, a peer-to-peer computer network that allowed users to share digital files, including music files, over the internet.  Plaintiffs are record labels affiliated with the "big four" major record companies.  The action is scheduled for trial on April 25, 2011, before the Honorable Kimba M. Wood of the Southern District of New York.

Amazon is an entity that provides access to digital music over the internet with the express blessing (pursuant to contract) of Plaintiffs and the major record labels.  Amazon has agreements with some or all of the major record companies that allow Amazon customers to purchase and download copyrighted music on the internet.  Defendants seek discovery from Amazon because, like several other non-parties Defendants have subpoenaed – such as VEVO, LLC ("VEVO") – Defendants believe they have information relevant to the issues to be tried in the upcoming trial before Judge Wood.

The Subpoena seeks from Amazon the same categories of information sought by Defendants' subpoena to VEVO, a digital music provider that also licenses content from the Plaintiff record labels.  Defendants were forced to move to compel VEVO to comply with that subpoena, which motion was granted in part.  In an order dated November 23, 2010, Magistrate Judge Freeman, whom Judge Wood appointed to supervise discovery in this case,

*Defendant's Motion to Compel Non-Party Amazon.com, Inc. to Comply with Defendants' Subpoena - 1*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

ordered VEVO to produce three categories of documents (the "VEVO Order"):

1. All signed contracts, licenses, or other agreements between VEVO and any plaintiff in this case, concerning the use, publication, display, or broadcast of any material to which any plaintiff owns, holds, claims, or otherwise maintains a copyright.

2. All reports submitted by VEVO to any plaintiff showing amounts paid by VEVO pursuant to any such contract, agreement, or license.

3. All documents contained in the files of certain specified VEVO custodians, to be located through an electronic search based on search terms identified in the VEVO Order.

Notwithstanding the VEVO Order and Defendants' good-faith efforts to meet and confer with Amazon's counsel in order to minimize any burden imposed by the Subpoena, Amazon will not agree to produce any of the foregoing categories of documents, much less all three.

## II.    FACTUAL BACKGROUND

The parties to the above-captioned action are currently engaged in discovery to prepare for trial.  (Horan Decl., ¶ 4.)[1]  That trial will determine the amount of statutory and common law damages that Plaintiffs may recover from Defendants, following Judge Wood's grant of summary judgment finding Defendants' liable for copyright infringement by individual users of the Lime Wire peer-to-peer file-sharing service.  (*Id.* ¶ 3.)  The amount of damages Defendants will be obligated to pay in this case will depend in large part on the amount of profits and revenue allegedly lost by Plaintiffs, along with the conduct and attitude of the parties.  Plaintiffs have produced a list of thousands of copyrighted works that they allege have been infringed by Lime Wire users (the "Songs"), and have indicated that they are seeking a damages award of over $1 billion.  Judge Wood has held that discovery on actual damages suffered by Plaintiffs is relevant to the amount of statutory damages to which Plaintiffs are entitled.  (*Id.*, Ex. 11 at 5 n.2.)

---

[1]     "Horan Decl." refers to the Declaration of Paul W. Horan, sworn to on December 16, 2010, and filed with this motion.

*Defendant's Motion to Compel Non-Party Amazon.com, Inc. to Comply with Defendants' Subpoena - 2*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

As part of the discovery process, Defendants, on or about September 24, 2010, served on Amazon a subpoena issued by this Court, which requested the production of documents and deposition testimony (the "Subpoena").  (*Id.*, Ex. 1.)  The Subpoena requests production of, *inter alia*, three principal types of documents (collectively, the "Documents"):  (1) licenses or agreements between Amazon and any Plaintiffs in this action "concerning the use, publication, display, or broadcast of any material" to which any Plaintiff holds the copyright; (2) communications between Amazon and any Plaintiff regarding those licenses or agreements, including the negotiation thereof; (3) documents reflecting amounts paid by Amazon to any Plaintiff pursuant to those agreements or licenses, *e.g.*, annually or on a song-by-song basis, together with figures relating to the total aggregate number of times that each of Plaintiffs' copyrighted songs (collectively, the "Songs") was downloaded by Amazon customers; and (4) documents concerning the Lime Wire defendants.  (*See id.*, Ex. 1, Request Nos. 1, 2, 4, 5, 11.)  The Subpoena contains substantially the same requests as the subpoena to VEVO and other non-party digital music providers whom Defendants know or believe to have licensing or distribution agreements with the major record companies.

On September 27, 2010, Plaintiffs moved to quash Defendants' subpoenas to Amazon and the other non-parties on the ground that they were purportedly beyond the scope of discovery permitted by Judge Wood.  (*Id.* ¶ 6.)  In an Order dated October 15, 2010, the Court denied Plaintiffs' motion to quash Defendants' subpoenas in its entirety.  (*Id.* ¶ 7, Ex. 2.)  Promptly thereafter, Defendants' counsel informed counsel for Amazon of the Court's ruling and asked when its production would be forthcoming.  (*Id.* ¶ 7, Ex. 3.)  Defendants' counsel spoke with counsel for Amazon on October 19, 2010, and explained that Defendants were most interested in receiving three categories of documents: first, any contracts, agreements, or licenses

*Defendant's Motion to Compel Non-Party Amazon.com, Inc. to Comply with Defendants' Subpoena - 3*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

between and among Amazon and any of the Plaintiffs in this case, or their affiliates; second, accounting reports provided to any Plaintiff in this case in connection with payments made pursuant to Amazon's contracts or licenses with the record companies; and third, emails and other communications concerning the agreements or licenses.  (*Id.* ¶ 8.)  Counsel for Amazon explained that Amazon previously had been served with a subpoena in 2007 (at which time Defendants were represented by prior counsel), and that Amazon had objected to that earlier subpoena, did not produce any documents, and did not engage in litigation concerning the subpoena.  (*Id.*)  Counsel for Amazon also stated that Amazon might stand on its prior objections to the earlier subpoena, and object on the additional ground that Defendants could seek the documents sought by the Subpoena from the Plaintiffs directly.  (*Id.*)

On October 22, 2010, Amazon served objections on Defendants, asserting, among other things, that the Subpoena requests documents that are not relevant to the underlying action's claims and can be obtained from the Plaintiffs, and that the requests are unduly burdensome. (*Id.* ¶ 9, Ex. 4.)  Defendants' counsel spoke with counsel for Amazon again on October 28, 2010, at which point Amazon's counsel reiterated that one of Amazon's principal objections was that Defendants could seek the documents from the Plaintiffs that Defendants were seeking from Amazon.  (*Id.* ¶ 10.)  Amazon's counsel indicated that Amazon would not produce documents. (*Id.*)

After Judge Freeman granted Defendants' motion to compel VEVO to produce documents in response to a similar subpoena Defendants had served, Defendants' counsel emailed a copy of the VEVO Order to Amazon's counsel and asked if her client would reconsider its position and produce the categories of documents described in the VEVO

*Defendant's Motion to Compel Non-Party Amazon.com, Inc. to Comply with Defendants' Subpoena - 4*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

Order.  (*Id.* ¶ 13.)  On December 15, Amazon informed Defendants that its position had not changed  (*Id.* ¶ 13, Ex. 8.)

## III.    ARGUMENT

All of the objections that Amazon has asserted to producing those documents are without merit.  <u>First</u>, these documents are directly relevant to the damages issues to be tried before Judge Wood early next year.  Indeed, Judge Freeman has already held that Plaintiffs' licensing agreements with non-parties, such as Amazon, together with related communications and financial information are directly relevant both to common-law damages for pre-1972 recordings and to statutory damages under the Copyright Act – a determination that is entitled to deference here, in part to ensure the uniform treatment of discovery issues.

<u>Second</u>, Amazon's contention that it need not produce revenue information and communications regarding its agreements with Plaintiffs because those documents are equally obtainable from Plaintiffs is wrong on the facts and the law.  The Subpoena requests documents that could not be within Plaintiffs' possession, *e.g.,* purely internal Amazon communications regarding its licensing agreements with Plaintiffs and the value that Plaintiffs placed on their copyrighted works.  In any event, nothing in the Federal Rules requires Defendants to rely exclusively on Plaintiffs' versions of documents in preparing their defense of an over $1 billion damages claim.

<u>Third</u>, the Subpoena does not impose an undue burden on Amazon.  It is not overbroad because Defendants have limited the scope of documents sought to Amazon's agreements (and related documents and financial information) with only the 13 specific Plaintiffs in this case, which the Court has already held directly relevant to the damages issues to be tried before Judge Wood.  Moreover, Defendants have offered to work with Amazon to minimize

*Defendant's Motion to Compel Non-Party Amazon.com, Inc. to Comply with Defendants' Subpoena - 5*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

any burden by using targeted search terms on the files of selected custodians in order to pinpoint documents most relevant to the issues to be tried.  Amazon has rebuffed those offers and refused to produce any documents at all in response to the Subpoena.

Amazon's intransigence should not be permitted, especially where the Court that will try the above action has already ordered another non-party to produce the same types of documents as those sought from Amazon here.  This Court, therefore, should compel Amazon to produce those documents promptly.

A.  **THE SUBPOENA SEEKS THE PRODUCTION OF DOCUMENTS THAT THE TRIAL COURT REPEATEDLY HAS HELD TO BE RELEVANT TO THE DAMAGES ISSUES TO BE TRIED.**

Amazon has objected to the production of its agreements with Plaintiffs and related communications and financial information on the grounds that they are not "relevant to the remaining claims in the underlying action."  (Horan Decl., Ex. 4 at 3-5.)  That, however, is not the law.  Indeed, as demonstrated below, the Magistrate Judge supervising discovery has already held that such information is directly relevant to the issues to be tried before Judge Wood early next year.  (*Id.*, Ex. 2 at 5-6.)

The documents whose production Defendants seek from Amazon, i.e., Plaintiffs' licensing agreements with Amazon and related communications and financial information, are directly relevant both to common-law damages for pre-1972 recordings and to statutory damages under the Copyright Act.

For common-law copyright infringement, the required showing of actual damages can be measured by lost profits.  *See Pret-A-Printee, Ltd. v. Allton Knitting Mills, Inc.*, No. 81 Civ. 3770, 1982 WL 1788, at *7 (S.D.N.Y. 1982).  As the Court noted in its October 15, 2010 Order, "Plaintiffs' actual and potential licensing arrangements might shed light on the amount of profits

*Defendant's Motion to Compel Non-Party Amazon.com, Inc. to Comply with Defendants' Subpoena - 6*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

that Plaintiffs would have made, had Defendants' customers downloaded Plaintiffs' copyrighted

works from a source authorized by Plaintiffs."  (Horan Decl., Ex. 2 at 5.)  Therefore, the

Documents requested by the Subpoena are relevant to showing the amount, if any, of profits

Plaintiffs would have made if Plaintiffs' copyrighted works had been accessed through Amazon.

Internal communications describing the negotiations with the record labels will be relevant in

determining the conduct and attitude of the parties as well.  The Court reiterated its finding that

the documents in question are relevant to the damages issues to be tried when it ordered VEVO

to produce its documents on November 23, 2010.  (*Id.*, Ex. 7 at 1.)

Under Second Circuit law (which governs in this case), Plaintiffs' "lost revenues" and

the "conduct and attitude of the parties" are relevant factors in the statutory damages analysis.

*Bryant v. Media Right Productions, Inc.*, 603 F.3d 135, 144 (2d Cir. 2010).  Documents

showing the terms of Plaintiffs' license agreements with Amazon, the revenues actually paid

by Amazon pursuant to those contracts, and the negotiations surrounding those contracts are

thus relevant to the amount of revenues allegedly lost by Plaintiffs here.

In order to determine how the Plaintiffs truly valued the Songs at issue, it is crucial to

know the terms and prices the Plaintiffs agreed to with other companies, such as Amazon, in

exchange for allowing them to make those Songs available online.  Indeed, in that regard, the

Court has already recognized explicitly the relevance of those documents:  "it is not difficult

to see how communications with licensees or potential licensee[s] might illuminate Plaintiffs'

attitudes regarding the value of its copyrights and show how Plaintiffs conducted themselves

in dealing with others in the Internet marketplace."  (Horan Decl., Ex. 2 at 6.)

The foregoing determination of relevance by the Court that will try the above action is

entitled to deference here.  *Del Campo v. Am. Corrective Counseling Servs., Inc.*, No. C 01-

*Defendant's Motion to Compel Non-Party
Amazon.com, Inc. to Comply with Defendants'
Subpoena - 7*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

21151, 2010 WL 3744436, at *2 (N.D. Cal. Sept. 20, 2010) ("Indeed, '[a] district court whose only connection with a case is supervision of discovery ancillary to an action in another district should be especially hesitant to pass judgment on what constitutes relevant evidence thereunder.  Where relevance is in doubt ...  The court should be permissive.'") (quoting *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 681 (N.D. Cal. 2006)); *Platinum Air Charters, LLC v. Aviation Ventures, Inc.*, 2:05-cv-01451, 2007 WL 121674, at *3 (D. Nev. Jan. 10, 2007) ("General discovery issues should receive uniform treatment throughout the litigation, regardless of where the discovery is pursued.").

Accordingly, Amazon's refusal to produce <u>any</u> of these documents should be overruled.  Amazon should be compelled to produce those agreements and to produce any additional documents, including documents concerning the negotiations of those agreements, documents reflecting payments made under those agreements, and documents reflecting the bases for those payments (*i.e.*, reports required by the agreements showing the number of instances individual songs were downloaded through Amazon).[2]

**B.     AMAZON'S OBJECTION THAT THE SUBPOENA SEEKS DOCUMENTS THAT DEFENDANTS CAN OBTAIN FROM PLAINTIFFS IS WITHOUT MERIT.**

Amazon has also objected to the Subpoena on the ground that the Subpoena "seeks documents that are obtainable from other sources that are more convenient, less burdensome, or less expensive, including the parties to this matter."  (Horan Decl., Ex. 4 at 2)  Amazon argues that "to the extent this information has been sought from Plaintiffs, or could be sought from Plaintiffs, the requests to Amazon.com are duplicative and burdensome."  (*Id.*, Ex. 4 at 2.)  That objection is wrong on both the facts and the law.

---

[2]     Defendants intend to depose Amazon pursuant to the Subpoena, but cannot do so until Amazon has completed its document production.

*Defendant's Motion to Compel Non-Party Amazon.com, Inc. to Comply with Defendants' Subpoena - 8*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

Defendants served the Subpoena, in part, because Plaintiffs have failed to produce all documents concerning their relationship with Amazon, and, in part, to gain access to documents that, regardless, would not be in Plaintiffs' possession. Indeed, Defendants have no way to confirm that the agreements produced by Plaintiffs represent all such agreements. Moreover, the Subpoena requires production of documents that would not be in Plaintiffs' possession, such as internal Amazon communications regarding licensing agreements or negotiations with any Plaintiffs concerning agreements.

Even if the Plaintiffs ultimately did provide Defendants with their versions of certain documents requested by the Subpoena, there is nothing in the Federal Rules of Civil Procedure preventing Defendants from seeking Amazon's versions and collections of those documents at this juncture. *See In re Honeywell Int'l, Inc. Sec. Litig.*, 230 F.R.D. 293, 301 (S.D.N.Y. 2003) (holding a non-party must produce documents in response to a subpoena even though they were seemingly duplicative of discovery requests served on the other party because "[t]he documents in [the non-party's] possession may differ slightly from [the other party's] copies" and the non-party's "copies could include handwritten notes, and the fact that [the non-party] has copies of documents itself can be relevant."); *Composition Roofers Union Local 30 Welfare Trust Fund v. Graveley Roofing Enters., Inc.*, 160 F.R.D. 70, 71-72 (E.D. Pa. 1995) (denying a motion to quash a non-party subpoena from the Plaintiffs because although the Defendant had been ordered to produce the same documents, the Defendant failed to produce them and therefore "the information Plaintiffs requested cannot be more easily obtained from Defendant" due to the defendant's refusal to provide the documents).

In any event, as discussed in detail below (*see* Part III.C., *infra*) Defendants have negotiated in good faith with Amazon's counsel to make the production of responsive

*Defendant's Motion to Compel Non-Party Amazon.com, Inc. to Comply with Defendants' Subpoena - 9*

**HILLIS CLARK MARTIN & PETERSON P.S.**
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

documents as minimally burdensome as possible for Amazon, including by proposing the use of targeted search terms on the files of selected custodians in order to pinpoint potential responsive documents.  Amazon has neither agreed to do any of that nor proposed any alternatives for complying with its obligations under the Subpoena, leaving Defendants no option but to seek relief from this Court.

## C.   THE SUBPOENA IS NOT UNDULY BURDENSOME TO AMAZON

Amazon has objected to the Subpoena on the grounds that it is "unduly burdensome." (Horan Decl., Ex. 4 at 1.) That objection is without merit, for the reasons that follow.

In order to evaluate undue burden – which Amazon, as the objector here, bears the obligation of proving[3] – courts weigh the burden to the subpoenaed party against the value of the information to the serving party.  *Bridgeport Music, Inc. v. UMG Recordings, Inc.*, No. 05 Civ. 6430, 2007 WL 4410405, at *2 (S.D.N.Y. Dec. 17, 2007).  *Bridgeport* explains that "[w]hether a subpoena imposes an 'undue burden' depends upon 'such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed."  *Id.* (quoting *Travelers Indem. Co. v. Metro. Life Ins. Co.*, 228 F.R.D. 111, 113 (D. Conn. 2005)).

In *Bridgeport*, plaintiffs alleged copyright infringement of musical compositions by defendants, and defendants served plaintiffs' former attorney, a non-party, with a subpoena for documents, including various licensing agreements he had drafted.  *Id.* at *1.  The court held that the request did not impose an undue burden on the non-party attorney because the request was "relatively narrow."  *Id.* at *2.  The court contrasted this request with a subpoena issued in

---

[3]      *See, e.g., Meeks v. Parsons*, No. 1:03-cv-6700, 2009 WL 3003718, at *8 (E.D. Cal. Sept. 18, 2009) ("[a] party that objects to a subpoena as overbroad or burdensome bears the burden of proving overbreadth or undue burden").

*Defendant's Motion to Compel Non-Party Amazon.com, Inc. to Comply with Defendants' Subpoena - 10*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

*Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 50 (S.D.N.Y. 1996), "in which the subpoena at issue 'effectively encompass[ed] documents relating to every transaction undertaken by [the party subject to the subpoena] for [the defendant] during the last ten years.'" *Bridgeport*, 2007 WL 4410405, at *2 (quoting *Concord Boat Corp.*, 169 F.R.D. at 50).

In *Bridgeport*, the plaintiffs contended that because the non-party lawyer's files were not indexed by date, and because he did not recall which files contained relevant agreements, the subpoena would "require him to go through 'hundreds of files' that are now in storage to determine which might contain relevant information" and "then require additional review to determine whether he had drafted or negotiated the agreement in question and whether the material was privileged," which could take "weeks[,] if not months." *Id.* The court was not persuaded that this qualified as an undue burden, however, when the subpoenaed documents were relevant and the request was "relatively narrow," with a limited time frame. *Id.*

Similarly, in *Viacom Int'l, Inc. v. YouTube, Inc.*, No. C-08-80211, 2009 WL 102808 (N.D. Cal. Jan. 14, 2009), defendants in a copyright infringement action moved to compel non-party BayTSP to produce documents related to its work on behalf of Plaintiffs in identifying examples of copyright infringement on Defendants' website. *Id.* at *2. Defendants' subpoena had requested documents concerning, among other things, BayTSP's use of YouTube and BayTSP's relationship with the plaintiffs. *Id.* at *3. The court held that these requests were not unduly burdensome, despite BayTSP's complaints that initial searches yielded over one million documents and that it had "already expended over 1900 hours in the last six months searching and reviewing the documents." *Id.* at *5.

Here, the Subpoena requested agreements (and documents and financial information relating to those agreements) with only the 13 specific Plaintiffs in this case (Horan Decl., Ex.

*Defendant's Motion to Compel Non-Party Amazon.com, Inc. to Comply with Defendants' Subpoena - 11*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue, Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789

1), and seeks Documents that are relevant to the factors applicable to statutory damages (*see* Part III.A., *supra*).  It is therefore not overbroad.  Further, Defendants have offered to work with Amazon to minimize the burden on it by pinpointing the documents that are most relevant to the issues to be tried.  (*See, e.g.,* Horan Decl., Ex. 3)  Amazon, however, has not produced so much as a single document in response to the Subpoena.  (*See id.* ¶¶ 10, 13.) That should not be permitted, especially where the Court presiding over the trial has ordered another non-party, VEVO, to produce such documents.  (*See id.*. ¶ 12, Ex. 7.)[4]

## IV.    CONCLUSION

For all of the foregoing reasons, the Court should grant Defendants' motion to compel and order Amazon to comply with the Subpoena by producing all responsive documents in its possession, custody, or control and appearing for a deposition.

DATED this 16th day of December, 2010.

HILLIS CLARK MARTIN & PETERSON, P.S.

By   s/ Michael R. Scott

Michael R. Scott, WSBA #12822
Michael J. Ewart, WSBA #38655
1221 Second Avenue, Suite 500
Seattle WA 98101-2925
Telephone:  (206) 623-1745
Facsimile:  (206) 623-7789
Email: mrs@hcmp.com;
mje@hcmp.com

OF COUNSEL
WILLKIE FARR & GALLAGHER LLP
Mary Eaton
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York NY 10019
Telephone:  (212) 728-8000
Facsimile:   (212) 728-8111
Email: meaton@willkie.com

Attorneys for Defendants
Lime Group LLC; Lime Wire LLC; Mark Gorton and
M.J.G. Lime Wire Family Limited Partnership

---

[4]    Amazon also objects that the Subpoena calls for the production of documents that Defendants, then represented by prior counsel, sought through an earlier subpoena served in 2007.  But as Amazon concedes, it never produced any documents in response to the 2007 subpoena.  (Horan Decl., Ex. 8.)  Thus, the 2007 subpoena has no bearing whether producing documents now is unduly burdensome for Amazon.

*Defendant's Motion to Compel Non-Party Amazon.com, Inc. to Comply with Defendants' Subpoena - 12*

HILLIS CLARK MARTIN & PETERSON P.S.
1221 Second Avenue,  Suite 500
Seattle, Washington  98101-2925
Telephone: (206) 623-1745
Facsimile: (206) 623-7789