1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10   ARISTA RECORDS LLC, et al.,                      CASE NO. 2:10-CV-02074-MJP

11                        Plaintiffs,                 ORDER ON MOTION TO COMPEL

12          v.

13   LIME GROUP LLC, et al.,

14                        Defendants.

15

16          This matter comes before the Court on Defendants' motion to compel.  (Dkt. No. 1.)

17   Having reviewed the motion, the response (Dkt. No. 5), the reply (Dkt. No. 8), the supplemental

18   declaration of Paul W. Horan (Dkt. No. 9) and all related papers, the Court DENIES Defendants'

19   motion.

20                                          **Background**

21          Defendants Lime Group LLC, Lime Wire LLC, Mark Gorton, and M.J.G. Lime Wire

22   Family Limited Partnership (collectively, "Defendants") are engaged in a case (No. 06-cv-5936

23   (KMW)) pending in the Southern District of New York.  (Decl. of Paul W. Horan (Dkt No. 1-2)

24   at ¶ 3.)  In that case, the amount of damages Defendants owe Plaintiffs (thirteen record labels)

1    for copyright infringement is at issue. (<u>Id.</u> at ¶ 3.) Defendants served a subpoena on non-party

2    Amazon.com, Inc. ("Amazon") on September 24, 2010, in connection to that case. (<u>Id.</u> at ¶ 5.)

3    Defendants contend the subpoenaed records are relevant to evaluating Plaintiffs' lost profits—

4    and thus damages owed by Defendants—in the Southern District of New York case.

5         On October 22, 2010, Amazon objected on grounds that the documents requested were

6    obtainable from Plaintiffs directly, and that the requests were overbroad, burdensome, and

7    irrelevant. (<u>Id.</u> at ¶ 9.) Amazon contends that seeking responsive documents from its more than

8    1,000 employees, and producing sales figures for more than 11,000 songs, would entail

9    significant expense. (Decl. of Andrew DeVore (Dkt. No.4) at ¶ 6–10.) Amazon had raised

10   similar objections in 2007, when Defendants previously subpoenaed them in connection to the

11   same case. (<u>Id.</u> at ¶ 8.) Though Defendants had not sought to enforce the 2007 subpoena, on

12   December 16, 2010, they filed this motion to compel. (Dkt. No. 1.) The court in the underlying

13   action ordered VEVO, LLC ("VEVO"), a non-party, to comply with a subpoena similar to the

14   one at issue.

15                                              **Analysis**

16        The Federal Rules of Civil Procedure require this Court to limit discovery it determines is

17   "unreasonably cumulative or duplicative, or can be obtained from some other source that is more

18   convenient, less burdensome, or less expensive," or when "the burden or expense of the

19   proposed discovery outweighs its likely benefits." Fed. R. Civ. P. 26(b)(2)(C)(i), (iii).

20   Restrictions may be broader when discovery burdens a non-party. <u>See Dart Indus. Co. v.</u>

21   <u>Westwood Chemical Co.</u>, 649 F.2d 646, 649 (9th Cir. 1980). A party should not be permitted to

22   seek information from a non-party that they can obtain or have obtained from the opposing party,

23   and that is not relevant to the underlying case. <u>Instituform Technologies, Inc. v. Cat.</u>

24

1  <u>Contracting, Inc.</u>, 914 F. Supp. 286, 287 (N.D. Ill. 1996).  Because the documents requested

2  from Amazon can better be obtained from Plaintiffs or have little relevance to the Southern

3  District of New York case, Defendants' need to enforce the subpoena is outweighed by the

4  burden to Amazon.

5  A.      <u>Necessity of Obtaining Documents from Amazon</u>

6          Defendants seek documents including (1) licenses and agreements between Amazon and

7  Plaintiffs, (2) communications regarding those documents, and (3) documents regarding payment

8  by Amazon to Plaintiffs pursuant to those licenses.  Defendants argue that licensing agreements

9  and communications between Amazon and Plaintiffs will be probative of lost revenue, and that

10  Amazon internal communications will be probative of Plaintiffs' conduct and attitude.  "Lost

11  revenues" and "the conduct and attitude of the parties" will be two factors used in determining

12  Plaintiffs' damages in the Southern District of New York case.  <u>Bryant v. Media Rights Prods.,</u>

13  <u>Inc.</u>, 603 F.2d 135, 144 (2d Cir. 2010) (citing <u>N.A.S. Import, Corp. v. Chenson Enter., Inc.</u>, 968

14  F.2d 250, 250–53 (2d Cir. 1992)).

15          1.      <u>Agreements and communications between Amazon and Plaintiffs</u>

16          Documents requested from Amazon are obtainable from Plaintiffs.  When an opposing

17  party and non-party both possess documents, the documents should be sought from the party to

18  the case.  <u>Nidec Corp. v. Victor Co. of Japan</u>, 249 F.R.D. 575, 577 (N.D. Cal. 2007) ("There is

19  simply no reason to burden nonparties when the documents sought are in possession of the party

20  defendant."); <u>Moon v. SCP Pool Corp.</u>, 232 F.R.D. 633, 637–38 (C.D. Cal. 2005).  (documents

21  pertaining to defendant could more easily and inexpensively be obtained from defendant than

22  non-party).

23

24

1    Here, documents requested from Amazon regarding agreements or communications with

2 Plaintiffs are also obtainable from Plaintiffs directly.  See <u>Instituform Techs.</u> at 287 (information

3 about license between party and non-party equally obtainable from party).  Indeed, Plaintiffs

4 have already provided or been ordered to provide to Defendants much of the information

5 requested from Amazon.  (Powers Decl. at ¶ 6.)  Defendants rely on <u>In re Honeywell Int'l, Inc.</u>

6 <u>Sec. Litig.</u>, 230 F.R.D. 293, 301 (S.D.N.Y. 2003) and the November 3 VEVO order in this case

7 to argue that non-parties may be subpoenaed for documents obtainable from parties.  Both are

8 distinguishable.  The subpoenaed non-party in the <u>Honeywell</u> was defendant's financial auditor

9 during portions of that case's class period. 230 F.R.D. at 296.  VEVO, though a non-party, is a

10 joint venture of two Plaintiffs, and actually volunteered to produce documents.  (Ex. 2 to Decl. of

11 Vanessa Powers (Dkt. No. 6).)Thus, both those non-parties possessed greater ties to the litigants

12 than does Amazon to these litigants.  Because information contained in the licensing agreements

13 and associated communications are available from Plaintiffs directly, the requests to Amazon are

14 duplicative.

15    2.    Amazon internal documents

16    Requested internal Amazon documents have little relevance to the underlying case.

17 Defendant argues that the Southern District of New York court determined internal non-party

18 communications are probative of parties conduct and attitude, relying on the VEVO order.  But,

19 again, because VEVO is a joint venture between Plaintiffs, it cannot be wholly deemed a non-

20 party.  The probative value of VEVO's internal communications to Plaintiffs' attitude and

21 conduct is much greater than that of Amazon's.  Accordingly, requests for Amazon's internal

22 communications are not relevant to the case.

23 \\

24

ORDER ON MOTION TO COMPEL- 4

B.    Undue Burden on Amazon

"An evaluation of undue burden requires the court to weigh the burden to the subpoenaed party against the value of the information to the serving party." Moon at 637 (quoting Travellers Indem. Co. v. Metropolitan Life Ins. Co., 228 F.R.D. 111, 113 (D.Conn. 2005)).  The need of the serving party, breadth of the request, and the time period covered by it, are also factors.  See Bridgeport Music, Inc. v. UMG Recordings, Inc., No. 05 Civ. 6430, 2007 WL 4410405, at *2 (S.D.N.Y. Dec. 17, 2007).  In Bridgeport, the court held a subpoena which might require going through "hundreds" of files generated over two years not unduly burdensome.  Bridgeport at *2, 4.  The court distinguished the subpoena from that considered in Concord Boat Corp. v. Brunswick Corp., 169 F.R.D. 44 (S.D.N.Y. 1996).  Bridgeport at *2.  The subpoena in Concord Boat Corp. "effectively encompass[ed] documents relating to every transaction undertaken by [the party subject to the subpoena] for [the defendant] during the last ten years." Bridgeport at *2 (quoting Concord Boat Corp. at 50).

Here, the subpoena among other things requests daily sales information for 11,000 individual songs over a five year period, and essentially all documents or communications concerning dealings between Amazon and the thirteen Plaintiffs.  The burden is similar to the burden imposed by the  broad subpoena in Concord Boat Corp..  Balanced against this burden, Defendants' need for duplicative or irrelevant documents from Amazon weighs very little. Because the hardship to Amazon in producing the requested documents outweighs their benefit to Defendants, the subpoena is unduly burdensome.

**Conclusion**

The Court DENIES Defendants' motion to compel.  The Court is not bound by Magistrate Judge Freeman's January 31, 2011 Order relating to the obligations of others to

1   produce documents relating to their licenses.  Defendants should seek relevant documents from

2   Plaintiffs before burdening non-party Amazon.  Because documents related to Amazon's internal

3   communications are irrelevant, the significant burden placed on Amazon in complying with

4   Defendants' subpoena outweighs the value of the documents to Defendants.  Defendants' motion

5   to compel is hereby DENIED.

6          The clerk is ordered to provide copies of this order to all counsel.

7          Dated this 9th day of February, 2011.

8

9

10

11          Marsha J. Pechman

12          United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

ORDER ON MOTION TO COMPEL- 6